Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| Joshua Douglas Henderson <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br> Secretary of Department of Corrections, Ricky Dixon; Cpt. Bammerlin; S. Mense ; W.F. Willets; Saint-Preux; M. AYALA; C. Williams; T. Griffin. — <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Case No. _____ <br> *(to be filled in by the Clerk's Office)* |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

※ — 27 Attached pages — ※

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                       Joshua Douglas Henderson

All other names by which
you have been known:

ID Number                                  C - 169823

Current Institution                        Florida State Prison

Address                                    P.O. Box 800

Raiford                      Fl          32083
*City*                      *State*       *Zip Code*

### B.     The Defendant(s) – 8 Defendants in All Please see Pleading filed on 09-16-2024

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.  filed on 09-16-2024 for extra Details 40 pages

Defendant No. 1

Name                                       Secretary Ricky Dixon

Job or Title *(if known)*                  Florida Department of Corrections Secretary

Shield Number

Employer                                   501 South Calhoun Street

Address                                    Florida Department of Corrections

Tallahassee                  Fl          32399
*City*                      *State*       *Zip Code*

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

Name                                       Bammerlin

Job or Title *(if known)*                  Captain

Shield Number                              BJW79

Employer                                   Florida Department of Correction Orlando

Address                                    CFRC - 7000 H.C. Kelley Road

Orlando                      Fl          32831-2518
*City*                      *State*       *Zip Code*

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                Stephen Mense
    Job or Title (if known)  Classification - Team Chairman
    Shield Number      MSJ27
    Employer         Florida Department of Corrections Orlando
    Address          CFRC - 7000 H.C. Kelley Road
                  Orlando        Fl    32831 - 2518
                  _City_      _State_    _Zip Code_
                [✓] Individual capacity  [✓] Official capacity

Defendant No. 4
    Name                W.F. Willets
    Job or Title (if known)  L.T. —
    Shield Number      WWF06
    Employer         Florida Department of Corrections Orlando
    Address          CFRC - 7000 H.C. Kelley Road
                  Orlando        Fl    32831 - 2518
                  _City_      _State_    _Zip Code_

Continued Please see
5, 6, 7, & 8 Defendant
← Attachment
                  [✓] Individual capacity  [✓] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against (check all that apply):

    [ ] Federal officials (a *Bivens* claim)

    [✓] State or local officials (a § 1983 claim) — 42 U.S.C § 2000 "RFRA & RLUIPA" — Claim —

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

F.S. 761 ; Florida Constitution Article one Section 3 ; 42 U.S.C § 2000ec-5(7) 42 U.S.C § 2000bb-2(4) ; The 1st & 14th U.S.C.A — — Religious Freedom —

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Attachment — Defendants, Continued ...

5. - Defendant :

Name : Saint-Preux
Job or title : SGT.
Shield Number : SNC 07
Employer : Florida Department of Corrections Orlando
Address : CFRC-7000 H.C. Kelley Road
Orlando, Fl 32831 - 2518

☑ Individual Capacity ☑ Official Capacity

6 - Defendant :

Name : M. AYALA        ☑ Individual Capacity
Job title : officer        ☑ official Capacity
shield Number : N/A
Employer : Florida Department of Corrections - Orlando
Address : CFRC-7000 H.C. Kelley Road, Orlando, Fl 32831

7. - Defendant : C. Williams        ☑ Individual Capacity
Job or title : Classification - Chairman   ☑ official Capacity
Shield Number : WCGII
Employer : Florida Department of Corrections - orlando
Address : CFRC-7000 H.C. Kelley Road, Orlando, Fl 32831

8. - Defendant : T. Griffin        ☑ Individual Capacity
Job or title : L.T.        ☑ official Capacity
Shield Number : GTL12
Employer : Florida Department of Corrections - Orlando
Address : CFRC-7000 H.C. Kelley Road, Orlando, Fl 32831

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please ReConsider Plaintiffs Pleading filed on 09-16-2024 40 pages — see Attachment Also pages 1 of 3 section D.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [✓] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [✓] Other *(explain)* Currently on Appeal Since 06-13-2024 from Conviction and sentence — on 06-05-2024

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

At CFRC During the Adult Intake Process, and every day officers came to my Confinement door Threatening me up until 06-28-2024 when they Rushed in Y2-111 At CFRC and Beat me to the ground and Forced me to Shave my head while holding me down As I Screamed I have Rights over and over under the U.S. Constitution

Page 4 of 11

Continued Attachment — Section II.

Page
1 of 3

D. —

09-29-2024

Explaining how each Defendant have Acted Under Color of State law; Statute; ordinance, Regulation, Custom, or Usage, of Any Territory or the District of Columbia —

I Am Suing the 8 Defendants Who At the time Each Acted under Color of State law Pursuant to F.S. 943 As Certified Correctional officers within Orlando Reception Center On Duty —

1. Secretary Ricky Dixon — is the Policy Maker for the Department of Correction, which places him in Direct Violation For; Not training or informing the Certified Correctional officers of Florida's Constitutional law and The United States Constitutional law — And for Not Making Rules to Protect Inmate Rights under the 1st & 14th U.S.C.A Plus F.S. 761 and Section 3 Article One of the florida Constitution. — His Policy Has Caused me loss of liberty; Physical injuries to my face, Arms, and body, And Mental Anguish from Dishonoring My Religious Belief — which Are Protected; Secretary Ricky Dixon Approved A Policy 33-602,101 F.A.C to Discriminate And Dishonor Inmates belief System and Safety. He had Clear Knowledge of what would happen and Did happen — Because I filed Mulitiple grievance 303 forms, And Received Nothing but Dishonor of A Sincerely held Religious Belief.

2. Cpt. BAmmerlin - Works At CFRC As a Captain under F.S. 943 — he is liable for making a false Report, Orgnizing An extraction team and sending the officers into the cell to beat me to the ground, And physically forcing me to shave my head. All on Camera— even After I Protested for 3 days showing the Staffs & officers the State Constitution and the Florida Statute 761 : in which he disregarded My Rights in his official Capacity, and in his individual Capacity he enhanced the Properbility of me spending more time in Confinement by approving and Authorizing his SGt. to Make a false Statement that has me At Florida state Prison on Maximum security C.M. One.

3. Stephen Mense — A Classification officer who works At CFRC under F.S. 943 — he is liable for Knowing the Constitutional Due Process law but in his official Capacity found me guilty for Practicing My Religion and violating the extreme grooming Policy. which is not Authorized under F.S. 944 . and is in violation of F.S. 120.52(8).

4. W.F. Willets - is A L.T. at CFRC under F.S. 943 — He made threats Saying I will not like the out- Come if I did not Cut My hair, He made that Response in his individual Capacity, but within his official Capacity, Denied me a fair hearing During the D.R. hearing for failure to maintain Personal Hygeine. He made the threat that got Carried out. which Resulted in A Beating

5. SGT. Saint-Preux - Works At CFRC under F.S. 943 in his individual Capacity he Punched me Mulitiple times in my face Knocking me Out, and in his official Capacity he Submitted A false Report Claiming I Attempted to bite him, without Physical evidence, with Authoritization from the Captain. to Cause Privileges & lost of liberty with injury.

6. M. AYALA is A Certified Correctional officer At CFRC under F.S. 943 - he arrested me for exercising my Religious Belief. in his offical Capacity.

7. C. Williams - A Classification officer At CFRC under F.S. 943 - Denied me Due Process. in her official Capacity After I Showed her the Constitutional laws that were up to date. and She found me guilty with out evidence Saying I tried to Bite A officer WHICH HAS me Guilty Also for exercising my Religious Belief and getting Punished, for that with loss of liberty

8. T. Griffin - is An L.T who works At CFRC under F.S. 943 - She also Denied me Due Process by finding me guilty for Practing my Religious Causing lost of liberty.

Pursuant to 28 U.S.C § 1746, I Declare under penalty of Perjury that the foregoing is true to the Best of my Knowledge — Signed by Jashua Douglas Henderson
09-29-2024

3 Pages

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

On 06-25-2024 , 06-26-2024 , 06-27-2024 , 06-28-2024

7:15 A.M when I Arrived at CFRC from County Jail

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The officers Denied Me the Right to Continue to Practice my Religion, I was Beat down to the ground Knocked Out, and Forcefully got My head shaved, I was Denied Due Process, My liberty and Privileges got taken away from me with out Due Process Maliciously, With zero Regards for the laws because They are ~~cloth with the law they feel like they Can do anything to~~ People.

V.     **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have Sustained A black eye, A head injury, Bruised Ribs, Bruised elbow, My Writing hand was Smashed, My Wrist were Swollen and my nerves have been Affected, I get dizzy spells and have to take a seat from standing to long. I have a bald Spot because of stress and loss of liberty — medical staff looked at me with A spit mask on, Real breif I could barely stand she did nothing, and the forced shave caused a bald spot in the front of my head . Right Side .

VI.    **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I seek Damages for the injuries, the mental Anguish, Malicious Prosecution, Denying me Fundamental Rights, See 40 Pages within the Pleading I filed on 09-16-2024, for full Relief Requested, I Request the Extreme Maxium amount from the Department of Corrections Due to the fact they Denied me Care, Personal safety and eQual Protection of the law; I Request the Court to provide All Damages For Dishonoring a Sincerely held Religious belief thats Protected - They Must Pay 500$ Million for their Disrespect to GOD and his laws. One nation under GOD, because they are not above the law !

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Central florida Reception center in Orlando florida The event took place upon my Arrival During the Adult Intake process

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

but I Did write an emergency Grievance that got Denied I even Petition for An Emergency to the Courts but nothing was done, officers Say they can do What they Want, And the Rules Does not apply to them

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

At CFRC when they threatened me telling me I need to cut my hair or be Punished and my Religious Belief Does not matter against their Rules!

2.   What did you claim in your grievance?

I explained my Rights under federal and State Statute and both State and federal Constitutional law. and how I got Beaten for Attempting to practice my Religion..

3.   What was the result, if any?

They said I Did not file my grievance according to their hinderist Rules to Detour grievance filing so I wrote to the secretary who Did nothing but have my Complaint Denied for Procedural errors — Denying to hear me.

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I wrote for Appeal but they never Returned it to me, I even went to the Supreme Court of florida Seeking to get Administrative Orders but the Damage was already Done — They beat me up and Cut my hair.

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   *N/A*

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   *N/A*

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   *I Did everything to Prevent them from beating me and Cuting my hair Dishonoring my Religious Belief See the Bible — The Book of Numbers Chapter 6 Verses 2 - 8*

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*   *See Attachments ——⟹ 12 page Attached for section G*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*N/A*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

320-2408-0047 (09-1)

| Mail Number: | |
| Team Number: | 17 |
| Institution: | CFRC |

**TO:** (Check One)
☐ Warden ☐ Classification ☐ Medical ☐ Dental
☐ Asst. Warden ☐ Security ☐ Mental Health ☐ Other _____

| FROM: | Inmate Name Joshua Douglas Henderson | DC Number 169823 | Quarters Y2-111 L | Job Assignment NA | Date 08-06-2024 |

**REQUEST**        Check here if this is an informal grievance ☑

I will Request to grieve The CFRC grievance Process for Not answering or Responding to my grievances and Because The secretary of the Florida Department of Corrections or Programs Warden, has treated my Inmate Rights to zero When I were given 24 hours to Cut my hair, or Physically forced to Cut it; I Attempted to be heard and I have been Denied even After The officers violated the free exercise of Religion Which is Protected by F.S. 761.01 – 761.061. I Demand Justice for Solemnizing my Religious belief.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____     DC#: 169823

Assistant Warden
Programs

---

### DO NOT WRITE BELOW THIS LINE

**RESPONSE**        DATE RECEIVED:

AUG 09 2024

Received

Per Chapter 33-103.001 (1), Inmate Grievances General Policy, "The purpose of the grievance procedure is to provide an inmate with a channel for the administrative settlement of a grievance. In addition to providing the inmate with the opportunity of having a grievance heard and considered, this procedure will assist the department by providing additional means for internal resolution of problems and improving lines of communication. This procedure will also provide a written record in the event of subsequent judicial or administrative review. The inmate grievance procedure was fully certified by the United States Department of Justice in March 1992, pursuant to requirements of Sections 944.09 and 944.311, F.S." Note: All grievances received at CFRC are processed in accordance with Chapter 33-103.005 and 33-103.006. Any grievance received in this office as submitted by you has been processed in accordance to Chapter 33-103 policy.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Returned_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): P. Maseso | Official (Signature): _____ | Date: 8/12/24 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

FILED WITH AGENCY CLERK

AUG 02 2024

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| HENDERSON, JOSHUA | 169823 | 24-6-22428 | CFRC-MAIN | Y2111L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative appeal is in non-compliance with Chapter 33-103, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level. Chapter 33-103 requires that you submit a formal grievance at the institutional level when grieving disciplinary action. If you did in fact submit a formal grievance to the Warden within 15 days of the date of the disciplinary hearing, and this appeal to the Central Office was receipted within 15 days of the date of the Warden's response, you are allowed an additional 15 days from the date this response was mailed (date stamped on upper left corner), to submit a new appeal to this office with a copy of the DC1-303 filed at the institutional level and the warden's response. You should also attach a copy of this response to your re-filed appeal. This office will not review the disciplinary action if you have not filed your appeals within the time frames established by rule.

Inmate Grievance Procedure, which states, "each grievance must address only one issue or complaint." Your current request for administrative appeal addresses more than one issue and/or complaint.

Your issue regarding a Use of Force is a separate issue and should be grieved as such, also, being initiated at the appropriate level.

Based on the foregoing information, your grievance appeal is being returned.

S. Milliken

_S. Milliken_

7/24/24

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JUL 2 2 2024

Department of Corrections
Office of ___ Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Henderson    Joshua    D | 169823 | CFRC ~ Main |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

| Log# 320-240575 & 320-240576 | Part A – Inmate Grievance | 24-6-22428 |
|---|---|---|

I have been Convicted of 3 Disciplinary Reports Since My Arrival at (CFRC) And F.D.O.C. – I Demand Relief and the D.R. To be over turned with the Respects to Equal Protection of the laws ~ As Provided by the 14th U.S.C.A and Fla. Const. Art. One section 2 and 9. – However, Since 06-25-2024, Upon my Arrivial to (CFRC) of the fla. Dept. of Corr. At 07:45 A.M. During the intake Process I by Definition in the Fla. Stat. Ch. 761.02(3) Request to speak to Administration because my Exercise of Religion Require me Not to Cut my hair. However, They gave me a D.R. Penilizing me by finding me Guilty For ; fail. Personal HyG. in which I have already wrote and grieved about on 06-27-2024, but on 06-28-2024, The Threats Came true, They Came in my Room Beat me to the ground with Punches to the face, Cuffed me took me to intake All on Camera and held me down and Cut my hair, which followed with two more D.R.'s ~ In which my formal grievence was not Responded too, Due to the Time Period Inmates have to Exhaust Remedies, Waiting for Responces I will miss the Certiorari Deadline to Be heard by the united states District Court of Appeals of florida or The Supreme Court of florida, However, I will Demand a Denial of my Due Process to be heard and to Present my Case At the D.R. hearings because my hands were Cuffed behind my back and I was not shown Any Substantive evidence of me being Guilty of Any infractions I Did not Attempt to Bite any one, I was only standing my Ground to exercise my Religion; because I was not give an Alternative to ACComadate my Religious Beliefs, see — In The Bible : The Book of Numbers – Chapter 6:2–8 I Am Not Guilty for standing on my Belief & exercising my Religion.

| 07-09-2024 | Pursuant to 28 U.S.C § 1746 I Declare under Penalty of Perjury that the foregoing is true and Correct. JDH | 169823 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**    _____ / _____
                                                                            #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Assistant Warden
Programs

Submitted by the inmate on: 1 5 2024
                            (Date)

Received

DISTRIBUTION:    INSTITUTION/FACILITY
                INMATE (2 Copies)
                INMATE'S FILE
                INSTITUTIONAL GRIEVANCE FILE

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 006-320-2407

320 ) 1F 5w
(Received By)
6/25/24   8-1
6/28/24   H5
12679999

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

RECEIVED

JUL 2 2 2024

Department of Corrections
Inmate Grievance Appeals

✳ — Received on 08-06-2024 — ✳

by Joshua Douglas Henderson  Pursuant to 28 U.S.C § 1746, I Declare
under Penalty of Perjury that the foregoing
is true and Correct  by ✳ 08-06-2024

MAILED/FILED
~~WITH AGENCY CLERK~~

JUL 2 4 2024

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| HENDERSON, JOSHUA | 169823 | 24-6-21149 | CFRC-MAIN | Y2111L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative appeal is in non-compliance with Chapter 33-103, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level. Chapter 33-103 requires that you submit a formal grievance at the institutional level when grieving disciplinary action. If you did in fact submit a formal grievance to the Warden within 15 days of the date of the disciplinary hearing, and this appeal to the Central Office was receipted within 15 days of the date of the Warden's response, you are allowed an additional 15 days from the date this response was mailed (date stamped on upper left corner), to submit a new appeal to this office with a copy of the DC1-303 filed at the institutional level and the warden's response. You should also attach a copy of this response to your re-filed appeal. This office will not review the disciplinary action if you have not filed your appeals within the time frames established by rule.

Based on the foregoing information, your grievance appeal is being returned.

S. Milliken

*S. Milliken*

7/2/24

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

**RECEIVED**

D.R. Appeal

JUL 08 2024

Department of Corrections
Inmate Grievance Appeals

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections
From or **IF Alleging Sexual Abuse**, on the behalf of:

| Henderson Joshua D | 169823 | CFRC |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

Part A – Inmate Grievance

24-6-21149

On 06-27-2024, I Am being threatened with force and I have been Punished for Practicing My Religion With A D.R. Infraction which has me Guilty for Practicing My Religion — which is Against the Florida Constitution Article one sections 2, 3, 5, and section 9: The Due Process. Also enforced by the 1st & 14th U.S.C.A. and under Florida Statute Chapter 761.01 — 761.061.

— Relief Sought —

I must Demand that the florida Department of Corrections State Wide Intake Policies get held accountable for Denying The Free exercise of religion Protected As Cited in 761.03 — and As in Accordance with section 761.03 s.(2) — explains: A Person Whose religious exercise has been burdened in Violation of this section May Assert that violation as a Claim or defense in a Judicial Proceeding and obtain appropriate Relief. see — Fla. Const. Art. One, Section 3.

| 06-27-2024 | 169823 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / _____
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Programs

Submitted by the inmate on: JUN 28 2024
(Date)
Received

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 031-320-2406   5 ⊘ 8-1  6/25/24
(Received By)

(320) NF

DISTRIBUTION:    INSTITUTION/FACILITY         CENTRAL OFFICE
                 INMATE (2 Copies)            INMATE
                 INMATE'S FILE                INMATE'S FILE - INSTITUTION./FACILITY
                 INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

**INMATE REQUEST**

320-2408-0046 (13-A)

STATE OF FLORIDA
STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: ___17___
Institution: _____

TO: (Check One)
- ☐ Warden
- ☐ Asst. Warden
- ☐ Classification
- ☐ Security
- ☐ Medical
- ☐ Mental Health
- ☐ Dental
- ☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Joshua Douglas Henderson | 169823 | Y2-111 L | NA | 08-06-2024 |

**REQUEST**                                    Check here if this is an informal grievance ☑

I wrote grievances and I Appealed my D.R.'s and Its been more that 20 days Maybe even more. I have been here since 06-25-2024. I was Physically forced to cut my hair on 06-28-2024, I was also lied on by the same officer who claim I tried to bite him. He Assulted me in the Process of the Cell extraction and I have yet to hear anything back. I was never given An Alternative that would not burden my Religions Practice and Belief. The Constitution an Florida statutes were Violated Pursuant to the Adult Intake Process; The F.A.C Rules Are Suppose to Not burden ones Religious belief, Per federal & State Constitution, under the Religious freedom Clauses & ACTs.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _[signature]_                    DC#: 169823

✱ Pursuant to F.S. 92.525 I Declare under Penalty of Perjury the foregoing is True & Correct _[signature]_ 08-06-2024

**DO NOT WRITE BELOW THIS LINE**                    Assistant Warden Programs

**RESPONSE**                                    DATE RECEIVED: AUG 09 2024

Received

**Your grievance is returned without further processing pursuant with Chapter 33-103.014(1)(a), in that it contains more than one issue.**

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Returned_. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): P. Maseso | Official (Signature): _[signature]_ | Date: 8/12/24 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)                    Incorporated by Reference in Rule 33-103.005, F.A.C.

אייזיק
ח/כב

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

320-2408-0045 (06-E

Mail Number: _____
Team Number: ___ 17 ___
Institution: _____

| TO: (Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other _____ |

| FROM: | Inmate Name Joshua Douglas Henderson | DC Number 169823 | Quarters Y2-111L | Job Assignment N/A | Date 08-06-24 |
|---|---|---|---|---|---|

**REQUEST**                           Check here if this is an informal grievance ☑

Per Ch. 33-103.005 (1) — I filed grievances that were of emergency
Nature — The CFRC officers and warden gave me 24 hours to
either get a Court order or be forced to Cut my hair.
From 06-25-2024 to 06-26-/06-27 and After the beaten and
Forced hair cut, I wrote Formal grievances to the Secretary
of the Fla. Dept. of Correction about All thee Above event that
untolded on 06-28-2024. I seek to have my institutional
Record expunged. Due to the fact the florida Department of
Correction never had the Right to force Someone to Solemnize
their Religion. I was Denied the Right to be Free from Punishment
for exercising my Religion. see F.S. 761 and section 3 Article one
of the florida Constitution & The 1st & 14th U.S.C.A.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____     DC#: 169823

---

**DO NOT WRITE BELOW THIS LINE**

Assistant Warden
Programs

**RESPONSE**                    DATE RECEIVED:

AUG 0 9 2024

Received

Your informal grievance is being returned without action in accordance with FAC Ch 33-103.014(1) (m) in that action has already been rendered on this issue. See Informal Grievance 320 - 2406 – 0109.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **Returned**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): P. Masesa | Official (Signature): N. ___ | Date: 8/9/24 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)                Incorporated by Reference in Rule 33-103.005, F.A.C.

ליווד
שו/ח

**33-602.101 Care of Inmates.**

(1) Each institution shall provide a canteen to be operated within the institution for the convenience of the inmates in obtaining items which are not furnished by the Department of Corrections, but which are allowable within the institution through canteen purchase. Proceeds from the operation of the canteen shall be deposited in the general revenue fund as provided by law. These profits shall be used as provided in rule 33-203.101, F.A.C. Such canteen operation shall be subject to audit, as other institutional operations are audited. Institutions with a cashless canteen shall restrict canteen purchases to those inmates with proper identification. Alternate purchase procedures shall be established for those inmates with temporary ID cards. These alternate procedures shall ensure at least a weekly opportunity to make canteen purchases.

(2) Inmates shall at all times wear the regulation clothing and identification card in accordance with Department rules, procedures, and institution policy.

(a) Class Uniforms will be as follows:

LAW LIBRARY

1. The male Class A uniform shall require the following:

a. The ID card shall be worn as required in paragraph (2)(j),

b. State issued outer shirt,

c. State issued pants,

d. T-shirt under outer shirt (permissible but not required to be worn underneath buttoned state issued outer shirt),

e. Under shorts,

f. State issued web belt (except for state issued pants with elastic waistband not requiring a belt),

g. Socks; and,

h. Footwear (including authorized athletic shoes, state issued canvas or closed-cell resin shoes, work boots, or approved medically necessary footwear). Authorized athletic shoes may not, however, be worn for visitation.

2. The female Class A uniform shall require the following:

a. Either,

i. State issued outer shirt, T-shirt under outer shirt (permissible but not required to be worn underneath buttoned state issued outer shirt), state issued pants, and state issued web belt (except for state issued pants with elastic waistband not requiring a belt), or

ii. Pregnant inmates may wear maternity dresses.

b. Bra or athletic bra,

c. Panties,

d. Socks,

e. Footwear (including authorized athletic shoes, state issued canvas or closed-cell resin shoes, work boots, or approved medically necessary footwear). Authorized athletic shoes may not, however, be worn for visitation.

3. The Class B uniform shall be the same as the Class A uniform with the following modifications:

a. State issued outer shirt is not required,

b. Footwear (includes authorized athletic shoes, state issued canvas or closed-cell resin shoes, work boots, or approved medically necessary footwear).

4. The Class C uniform shall require the following:

a. T-shirt,

b. Pants or authorized athletic shorts,

c. Under shorts (for male inmates) or panties and bra or athletic bra (for female inmates),

d. Socks,

e. Foot wear (including authorized athletic shoes, state issued canvas or closed-cell resin shoes, work boots, or approved medically necessary footwear).

5. The following items are authorized to be worn with the Class A, B, or C uniforms when weather conditions dictate:

a. Sweatshirt under the state issued outer shirt,

b. Jacket, raincoat, or poncho,

c. Thermal underwear (except under authorized athletic shorts), or

d. Either a state issued hat or hat available from the canteen may be worn when outdoors.

(b) General Clothing Regulations: The following general clothing regulations will not supersede the clothing or uniform requirements or allowances for inmates in Maximum Management, Close Management, Disciplinary Confinement, Administrative

Confinement, Work Release or Community Release inmates contained in other rules. Work release inmates shall wear civilian clothing as required by rule 33-601.602, F.A.C.

1. The Class A uniform for males and females shall be worn as follows:

a. Monday through Friday while the inmate is on duty and up to two hours prior to the inmate beginning a work or program assignment as deemed necessary by the Warden based on the size of the institution, the characteristics of the inmate population including age and custody level, and the need to ensure that the inmate is prepared to report to his work or program assignment on time,

b. While on work detail, except as work supervisors authorize as needed for a particular work detail in subparagraph (2)(b)10.,

c. When at the library,

d. When at medical,

e. When at food service,

f. All call-outs,

g. For special programs,

h. For visitation; and,

i. During dormitory inspections by the warden or duty warden,

j. During official visits and/or tours; and,

k. At any other time when a class B or C uniform or other clothing is not specifically allowed by this or other rule.

2. The class B uniform for males and females may be worn as follows:

a. Off-duty hours,

b. While in the dormitory off-duty,

c. While participating in authorized recreational activities,

d. While on the recreational field,

e. To and from the recreational field.

3. The class C uniform for males and females may be worn as follows:

a. While in the dormitory off-duty,

b. While participating in authorized recreational activities,

c. While on the recreation yard and movement to and from the recreation yard; and,

d. Inmates shall be allowed to wear athletic shorts to the inmate canteen only in those cases where inmates are allowed to go to the inmate canteen directly from the recreation yard.

4. All items of clothing shall be worn as issued and designed to be worn and shall not be altered or defaced in any manner, except for a small (less than 1/2") DC number patch for identification.

5. Shirts shall be buttoned at all times, except for the collar, which is optional. Shirts shall be tucked into the inmate's pants at all times. Pregnant inmates are not required to tuck in their shirts where doing so would be impracticable or impossible. Dresses must be fully buttoned.

6. Inmates shall wear either shorts or pants any time inmates are not in their beds, except that females may wear pajamas with a robe fully buttoned. Pants shall be completely buttoned before exiting the dormitory. The waist of pants and shorts shall be worn above the buttocks, around the natural waist.

7. Male inmates shall wear, at minimum, underwear while sleeping. Female inmates shall wear, at minimum, either pajamas or shorts and a t-shirt while sleeping.

8. Inmates shall wear shoes when they are outside their cells unless they are going to or from the showers. Shower slides shall not be worn outside an inmate's dormitory except as medically approved.

9. No hats shall be worn inside, except as stated for religious reasons, and shall be removed from the head when passing through any gate area. Skull caps of any kind are prohibited.

10. The departmental supervisor is authorized to specify that certain type clothing be issued as conditions dictate. For safety purposes, work supervisors are authorized to allow modifications to the inmate Class A uniform to perform a specific task; when the task is completed, inmates must return to proper Class A uniforms.

(c) Each inmate shall be issued sufficient clothing, including outer clothing, underwear, socks, and shoes. In addition, inmates shall be furnished sufficient clothing during cold weather to ensure adequate warmth. Each inmate shall be required to make a change of outer clothing at least twice a week. Inmates shall not possess individual items of clothing in excess of the possession

LAW LIBRARY

limits outlined in rule 33-602.201, F.A.C., Appendix One.

(d) Inmates shall be responsible for all clothing issued to them. Inmates shall be authorized to send personal clothing to the laundry if no other laundering facilities are available for their use. If personal clothing is authorized to be sent to the laundry, it must be marked with the inmate's name and prison number. The institution will not be responsible for lost, stolen, or torn personal clothing.

(e) A transferring inmate may, when transferred, take one issue of state clothing, to include a jacket when weather conditions indicate the need, and all personal clothing. Transfers to contract work release facilities, contract drug facilities, and female community correctional centers via public transportation shall be made with personal clothing. An inmate's personal clothing, for purposes of transfer or upon release, may be supplied by the inmate, the inmate's family, or from available surplus clothing.

(f) If items such as food service linens, coveralls, aprons, cooks' caps, gloves, rubber boots, raincoats, athletic uniforms, barber and butcher jackets, straw hats, and safety helmets are necessary for work, they will be issued to the department requiring them. The warden will, on recommendation and justification by the department heads, determine what items are to be purchased and issued to inmates. All items issued on a departmental basis that can be appropriately marked shall have the department name stenciled on the items. It will be the responsibility of the warden to establish a laundry schedule for these items.

(g) Civilian clothing, when available from family members or from surplus clothes closets, may be used by the inmate for court appearances, furloughs, funerals, and other circumstances, including release, as authorized by the warden. Civilian clothing is required for inmates at work release centers and shall be worn as designated by rule 33-601.602, F.A.C.

(h) If an inmate intentionally or negligently damages, loses or destroys his or her uniform, identification card, or other state issued clothing article, blanket or linens, disciplinary action pursuant to rules 33-601.301-.314, F.A.C., shall be taken by the warden to obtain reimbursement from the inmate. Reimbursement will be limited to the cost of the item.

(i) Institutional clothing is the property of the State of Florida and must be returned to the Department upon an inmate's release from incarceration. Institutional clothing shall not be worn by an inmate being released from incarceration.

(j) The ID card shall be displayed on the tab designed for identification card display located on the right side of the shirt (male) or on the collar of the blouse (female). In those circumstances in which an inmate is not wearing an upper garment, the inmate is responsible for securing the ID card on his or her person. Once the special circumstance is over, the ID card shall again be displayed on his or her shirt.

(k) Once an ID card has been issued to an inmate, the inmate shall be held responsible for the proper handling of the ID card.

(3) The warden or Officer-in-Charge shall give each inmate a receipt for any personal clothing in his possession other than that allowed by the Department of Corrections. In addition, inmates shall be permitted to send such clothing to their families, residences or other persons approved by the warden or Officer-in-Charge at no expense to the Department of Corrections. Enclosed with such clothing sent from the institution shall be an itemized list thereof, a signed copy of the inmate's written request that it be sent to the addressee to whom the clothing is forwarded. A copy of such list and a signed copy of such written request shall be placed in the inmate's record jacket, along with a notation showing the date of mailing. If the inmate does not send his clothing out of the institution or gives it to the institution within 30 days after his arrival at the institution, it shall be considered forfeited and may be placed in a "clothes closet" for later use by inmates, donated to charity, or disposed of by the institution. Notice of such forfeiture shall be given to the inmate in writing by the warden or designee and a copy of such notice shall be filed in the inmate's property file. (Also see Control of Contraband, rule 33-602.203, F.A.C.).

(4) For security and identification purposes, no inmate shall be permitted to have his or her hair, to include eyebrows and facial hair, dyed, cut, shaved or styled according to fads or extremes that would call attention to the inmate or separate inmates into groups based upon style. This would include, for example, dreadlocks, tails, woven braids, cutting, sculpting, clipping or etching numbers, letters, words, symbols or other designs into the hair. Male inmates shall have their hair cut short to medium uniform length at all times with no part of the ear or collar covered. Male inmates shall be permitted to shave their entire heads with clippers in a uniform manner unless the inmate is using his hairstyle or lack thereof to demonstrate gang affiliation or otherwise pose a threat to institutional security. Partial shaving of the head in a Mohawk or other distinctive style shall not be permitted. Sideburns shall not extend beyond the bottom of the earlobes and will have straight lines with no flare at the base. Female inmates shall be prohibited from having their hair braided or styled in any area other than the institutional beauty shop. All inmates shall elect either to be clean shaven or to grow and maintain a half-inch beard. Such a beard shall include all the hair that grows naturally on the face and front of the neck, excluding eyebrows and eyelashes. Inmates shall not display any other type, style, or arrangement of hair on the face nor front of the neck. Inmates shall not sculpt nor edge their beards. No numbers, symbols, letters, nor other designs shall appear in

inmate beards. Those male inmates who desire to remain clean shaven shall be clipper shaved three times per week, and those inmates who desire to grow a half-inch beard shall have their beards trimmed three times per week with a clipper fitted with a half-inch guard. Female inmates may possess one (1) disposable state-issued razor. Notwithstanding any other provision of chapter 33, F.A.C., upon intake at any Department reception center each inmate having hair on the face or the front of the neck shall be clean shaved once for the purpose of discovering any identifying marks, scars, tattoos, or other features.

(5) The officer in charge or a more senior official shall direct staff to shave the inmate, cut the inmate's hair, or take other necessary action to bring the inmate into compliance with the grooming standards after all efforts to verbally persuade the inmate to comply have failed and:

(a) The inmate has been found to be in violation of Department grooming standards through the formal disciplinary process (rules 33-601.301-.314, F.A.C.); or

(b) The inmate has been deemed by authorized medical staff to not be responsible for the non-compliance and the continuing non-compliance creates a health or welfare risk to the inmate or others.

(6) When it is necessary to use force to bring an inmate into compliance with the grooming standards, the use of force shall be documented pursuant to rule 33-602.210, F.A.C.

(7) Fingernails shall be kept well groomed and clipped so as not to extend beyond the tips of the fingers, and no adornment of the nails shall be permitted.

(8) Inmates shall be housed, fed and worked in such a manner as to maintain control and order in the institution.

(9) All inmates shall be furnished proper medical care and medicine. Inmates with specific medical holds, lay-ins, or medical restrictions shall not be assigned any activity until approval is given by the attending physician or clinical associate. Medically prescribed food shall be provided as ordered.

(10) No inmate shall be given control or authority over other inmates.

(11) Inmates who are unable to handle or read written material due to physical impairment (this includes those who are visually impaired, paraplegic or quadriplegic, or severely affected with arthritis) and who receive assistance from the Bureau of Braille and Talking Book Library Services shall be allowed to possess a digital player from the Bureau. Any alteration of equipment provided by the Bureau shall result in confiscation of the equipment and suspension of those privileges. A tape recorder shall be available for inmate use at a location determined by the warden which allows for supervision of use and which does not unduly restrict access. Inmates shall obtain approval from the chief health officer to utilize the tape recorder in lieu of pen and paper for correspondence purposes. Any material or equipment that an inmate receives from the Bureau of Braille and Talking Book Library Services remains the Bureau's property and must be returned to the Bureau if an inmate loses the use of this material or equipment for disciplinary reasons. Impaired inmates shall be limited to possession of four digital books. An inmate who has four digital books in his possession will not be allowed to receive additional books until some are returned to the Bureau of Braille and Talking Book Library Services.

(12) Inmate health and comfort items shall be provided in accordance with the guidelines in the Inmate Health and Comfort Items – Issuance, Form NI1-071. Form NI1-071, Inmate Health and Comfort Items – Issuance, http://www.flrules.org/Gateway/reference.asp?No=Ref-09985, is hereby incorporated by reference. A copy of this form is available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500. The effective date of this form is October, 2018.

(13) Inmates are not authorized to have any body piercings. Any body piercing observed by staff – including those found during strip search – shall be removed by the inmate and disposed of in accordance with rule 33-602.201, F.A.C.

(a) Inmates who have body piercings that cannot be removed without medical intervention shall be escorted to medical to have the piercing removed.

(b) If the piercing cannot be immediately removed by medical staff, the inmate will be placed in Administrative Confinement in accordance with rule 33-602.220, F.A.C., pending medical review and subsequent removal of the body piercing.

*Rulemaking Authority 944.09 FS. Law Implemented 944.09, 945.215 FS. History–New 10-8-76, Amended 4-19-79, 4-24-80, 10-14-84, 1-9-85, Formerly 33-3.02, Amended 11-3-87, 10-6-88, 7-23-89, 8-27-91, 3-30-94, 11-13-95, 6-2-99, Formerly 33-3.002, Amended 11-21-00, 1-25-01, 1-19-03, 9-23-03, 3-5-06, 10-23-06, 1-18-07, 5-13-08, 6-22-10, 5-24-11, 2-6-12, 5-27-12, 3-3-13, 10-14-13, 12-12-13, 10-28-14, 8-17-16, 7-20-17, 10-9-18.*

**LAW LIBRARY**

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Henderson   Joshua D. | 169823 | CFRC |
|---|---|---|
| Last      First      Middle Initial | DC Number | Institution |

---

F.A.C-33-103.007 s.(3)(a)        *Part A – Inmate Grievance*    Direct Grievance of Reprisal

I Joshua Douglas Henderson ~~am~~ A Victum of Reprisal: which is An Act in Retaliation for Something Done by another — On 06-25-2024 The Action that Brought Retaliation from the Policy & Correctional Officers As Defined by F.S. for my Protection see — F.S. 761.s.(3) Citing: "Exercise of Religion" which is Protected by The 1st & 14th U.S.C.A And section 3 Article one of the State Constitution. and F.S. 761; However, I got told I Am going to get A hair Cut and I am going to be given D.R.'s and They will make Sure I won't get out the box anytime soon, ~~and the~~ They Put me in Confinement, on 06-27-2024, I went to D.R. Court and got found guilty for failure of Personal Hygeine — I explained Florida Statute 761.05 (1 Thru 7), and still got found guilty - The officers Continued to Come and threaten me After L.T. WNF06-Willets, W.F. gave me A Verbal threatening order Saying I have 24 hours to Cut my hair, or I will be Physically forced to and I won't like the Outcome, so I filed emergency grievances and A emergency Motion for Court orders To the Supreme Court & Fla. District Court, but on 06-28-2024; They Came into my Cell and Beat me to the ground held me down while Punching me in the face and Cuffing my legs and hands; They forcefully took me to intake while holding me down forcefully Cutting my hair while I Continued to enlighten them of my Religious freedom. However, Captain Bammerlin and Sergeant Saint Preux Finalized the Retaliation by making up A false Story claiming I Attempted to bite the Sergeant Saint Preux, And now I Am Pending C.M. One all because of my Dedication to God see The Bible - The Book of Numbers Chapter 6 verses 2 Thru 8. However," None of my Grievances been Answered".

Pursuant to 28 U.S.C. § 1746 & F.S 92.525 I Declare under Penalty of Perjury this is true & Correct ~~ff~~

| 08-19-2024 | ~~ff~~  169823  08-19-2024 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**   ____ / _____

                                                                        #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____   Institutional Mailing Log #: _____   _____

                    (Date)                                                                              (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION./FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)                    Incorporated by Reference in Rule 33-103.006, F.A.C.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  Joshua Douglas Henderson
Defendant(s)  Florida Department of Corrections

2.  Court *(if federal court, name the district; if state court, name the county and State)*

Supreme Court of Florida

3.  Docket or index number

SC2024-0965

4.  Name of Judge assigned to your case

N/A

5.  Approximate date of filing lawsuit

July 2nd 2024

6.  Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition.  NA

7.  What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

Still pending its considered a Writ of mandamus
Request for Rights that already exist to be enforced

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.   *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Joshua Douglas Henderson

Defendant(s)   Sheriff Bob Gualtieri, et. al.

2.   Court *(if federal court, name the district; if state court, name the county and State)*

United States District Court, Middle District of Florida
Tampa Division

3.   Docket or index number

8:23-cv-01907-MSS-SPF

4.   Name of Judge assigned to your case

Judge Mary S. Scriven

5.   Approximate date of filing lawsuit

08-23-2023

6.   Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition      NA

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Still Pending

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Pursuant to 28 U.S.C § 1746 I Declare under Penalty of Perjury the foregoing is True & Correct by*

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   *09-29-2024*

Signature of Plaintiff

Printed Name of Plaintiff   *Joshua Douglas Henderson*

Prison Identification #   *C-169823*

Prison Address   *Florida State Prison   P.O. Box 800*

| *Raiford* | *Fl* | *32083* |
|---|---|---|
| City | State | Zip Code |

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | | |
|---|---|---|
| City | State | Zip Code |

Telephone Number

E-mail Address