UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA DOUGLAS HENDERSON,

      Plaintiff,

v.                                                                    Case No.  6:24-cv-1681-JSS-RMN

SECRETARY, DEPARTMENT OF
CORRECTIONS, BAMMERLIN,
STEPHEN MENSE, W. F.
WILLETS, SAINT-PREUX, M.
AYALA, CRYSTAL WILLIAMS,
and TAMMI L. GRIFFIN,

      Defendants.

_____/

## ORDER

Plaintiff sued the Secretary of the Florida Department of Corrections and seven officials from the Central Florida Reception Center claiming that his head was forcibly shaved in violation of his religious beliefs.  (*See* Dkt. 5.)  On December 10, 2024, the court dismissed his case without prejudice due to abstention under the *Younger* abstention doctrine,[1] and for failure to state a claim under 28 U.S.C. § 1915A. (Dkt. 13.)  Plaintiff timely moved to alter or amend the judgment and reopen this case under Rule 59(e) of the Federal Rules of Civil Procedure.  (Dkt. 15.)  Plaintiff also seeks leave to "amend the . . . case" and requests copies of "all filed motions with exhibits" from

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

this and another case. (Dkt. 16 at 1.) Upon consideration, and for the reasons outlined below, both of Plaintiff's motions are denied.

### A. Motion to Alter or Amend a Judgment

"The only grounds for granting" a motion to alter or amend a judgment under Rule 59(e) "are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "[R]elief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Citing "Dkt. #4 at 1," Plaintiff states that "[t]he court has made a mistake." (Dkt. 15 at 2.) Plaintiff explains that he:

> did what the court has asked, by submitting forms and financial documents. [He] [is] on close management confinement at F.S.P. on 24[-]hour lockdown[.] [He] did what was in [his] power[] to provide these documents in time. See grievance attached[,] dated: 12-09-2024.

(*Id.*) However, the referenced docket entry, "Dkt. #4 at 1," is not an order of the court—it is Plaintiff's earlier motion for reconsideration of the denial of his motion to proceed in forma pauperis, in which Plaintiff noted that the court may have overlooked one page of his financial submission. (*See* Dkt. 4 at 1.) The court previously acknowledged that oversight while informing Plaintiff that his request to proceed in forma pauperis nevertheless remained incomplete because he had failed to submit the

required certificate completed by an authorized prison official showing the amount of money or securities in his prison account. (*See* Dkt. 8 at 2; *see also* Dkt. 2.) The court therefore ordered Plaintiff to either pay the filing fee or to complete and return the missing certificate within 21 days, which Plaintiff did not do. (Dkt. 8 at 4.)

Moreover, this case was not dismissed for Plaintiff's failure to provide certain financial statements. Rather, the court dismissed this case without prejudice for failure to state a claim and because the court was required to abstain from adjudicating the claims under the *Younger* abstention doctrine because of Plaintiff's related and pending petition for a writ of mandamus. (Dkt. 13 at 10–12 (citing *Henderson v. Dep't of Corr.*, No. 372024CA0014251000MX (Fla. Leon Cnty. Ct. Sept. 3, 2024).)[2] Plaintiff otherwise challenges the dismissal of this case by stating that he "object[s] to the ruling," (Dkt. 15 at 2), arguing that:

> [t]he clerk or judge that filed Document No.# 13 on 12-10-2024[] could not have properly and justly construed my case to not state a claim. As pro[]se, I must complain to the court to reconsider the Plaintiff's Amended Complaint with the Exhibits from the original Complaint[] that show[] the Plaintiff's inmate grievances filed.

(*Id.* at 3.) However, as previously explained, (*see* Dkt. 13 at 2 n.2), the original Complaint was stricken because Plaintiff did not use the required form, (*see* Dkt. 3 at 2). In any event, Plaintiff's amended Complaint (Dkt. 5) superseded the original Complaint. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir.

---

[2] Plaintiff's petition for writ of mandamus remains pending in the Second Judicial Circuit in and for Leon County.

1999).  Thus, the court is unable to consider the allegations contained in the original pleading.  Even if the court could consider the original Complaint, no exhibits were attached.  (*See* Dkt. 1.)  While Plaintiff did attach exhibits of grievances to the amended Complaint, (*see* Dkt. 5 at 13–22, 28), to the extent that those are the exhibits Plaintiff references, the court has already considered them in screening Plaintiff's claims for frivolity under 28 U.S.C. § 1915A, and "a Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (cleaned up).

Plaintiff asserts no other basis for reconsideration of the court's order dismissing his case without prejudice.  (*See* Dkt. 15.)  Because Plaintiff fails to demonstrate either newly-discovered evidence or manifest error of law or fact, his Motion to Alter or Amend a Judgment (Dkt. 15) must be denied.

## B. Motion Seeking Copies of All Pleadings

Plaintiff additionally requests leave to amend the complaint, "to appeal this case if the court does not reconsider" the dismissal, and, for purposes of appeal, copies of "all filed motions with exhibits" from this case and a previously dismissed case, *Henderson v. Florida Department of Corrections*, No. 6:24-cv-1220-PGB-LHP (M.D. Fla. Jul. 8, 2024).  (Dkt. 16 at 1.)

To the extent Plaintiff requests leave to amend, the request is moot because this case is closed.  Further, the court finds leave to amend at this time would be futile given the required abstention under *Younger*, the inapplicability of RFRA to state

- 4 -

governments, and the foreclosure of his other religious freedom claims under binding Eleventh Circuit precedent, as fully explained in the order of dismissal. (*See* Dkt. 13 at 7–12). *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *Aycox v. Kyle*, No. 2:23-cv-546-SPC-NPM, 2023 WL 5275993 (M.D. Fla. Aug. 16, 2023) ("The [c]ourt would normally grant a plaintiff leave to amend, but that would be futile here. [The plaintiff]'s claims against the judge and prosecutors are barred by . . . *Younger* . . . and there is no constitutional right underpinning his claim regarding access to legal materials.").

Regarding Plaintiff's request for leave to appeal, Plaintiff must comply with the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure in order to properly initiate an appeal. To the extent that Plaintiff's request, when read broadly and in conjunction with his separately filed request for leave to proceed in forma pauperis, (Dkt. 15 at 3), may be construed as a request to appeal in forma pauperis, that request is denied. Because this case was dismissed without prejudice for failure to state a claim and under the *Younger* abstention doctrine, Plaintiff's appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3). Therefore, Plaintiff is not entitled to appeal as a pauper, and he must pay the full appellate filing fee. *See Newcomb v. Sec'y, Dep't of Corr.*, 6:17-cv-2147-Orl-41DCI, 2019 WL 11505328, at *1 (M.D. Fla. May 15, 2019) ("[A]ny appeal by [the p]etitioner would not be taken in good faith under Federal Rule of Appellate Procedure 24(a) because he has failed to make a substantial showing of the deprivation of any federal constitutional right. Thus, [the

p]etitioner is not entitled to appeal as a pauper and shall pay the full appellate filing fee as required by 28 U.S.C. § 1915(a).").

Finally, Plaintiff is not entitled to complimentary copies of the documents he seeks. However, he may purchase copies through the Clerk's Office.

## CONCLUSION

Accordingly:

1. Plaintiff's Motion to Alter or Amend a Judgment (Dkt. 15) is **DENIED**.

2. Plaintiff's Motion Seeking Copies of All Pleadings (Dkt.16) is **DENIED**.

    a. Plaintiff's request for leave to amend (Dkt. 16 at 1) is **DENIED as moot**.

    b. Plaintiff's request for leave to appeal (Dkt. 16 at 1), broadly construed as a request for leave to appeal in forma pauperis, is **DENIED**, and Plaintiff is assessed the full appellate filing fee.

    c. Plaintiff's request for complimentary copies is **DENIED**. Plaintiff may request copies by calling or writing the Clerk's Office. A deputy clerk can provide Plaintiff with a page count. The cost for photocopies is $0.50 per page. Copies will not be made or sent until (1) payment is received with exact change and (2) a self-addressed, stamped envelope is sent to the court.

3.  The Clerk is directed to send to Plaintiff, along with this Order, a copy of the docket sheet for this case and a copy of the docket sheet for Middle District of Florida Case No. 6:24-cv-1220-PGB-LHP.

**ORDERED** in Orlando, Florida, on January 28, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party