UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA DOUGLAS HENDERSON,

    Plaintiff,

v.                                      Case No. 6:24-cv-1681-JSS-RMN

SECRETARY, DEPARTMENT OF
CORRECTIONS, CAPTAIN
BAMMERLIN, STEPHEN MENSE,
W. F. WILLETS, SERGEAN SAINT-
PREUX, M. AYALA, CRYSTAL
WILLIAMS, and TAMMI L.
GRIFFIN,

    Defendants.
_____/

## ORDER

On December 10, 2024, the court dismissed this action without prejudice due to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and Plaintiff's failure to state a claim. (*See* Dkt. 13 at 12 (citing 28 U.S.C. § 1915A).) The court subsequently denied Plaintiff's motion to alter or amend the judgment and reopen this case pursuant to Federal Rule of Civil Procedure 59(e). (Dkts. 15, 17.) Plaintiff filed a notice of appeal as to the order denying his Rule 59(e) motion, (Dkt. 20), and he moved for leave to proceed in forma pauperis on appeal, (Dkt. 23), which the court denied, (Dkt. 25). Plaintiff moves again to proceed in forma pauperis on appeal. (Dkt. 26.)

The court denied Plaintiff's first motion to appeal in forma pauperis because his appeal was not taken in good faith, as "this action was dismissed due to abstention required by *Younger* and for failure to state a claim." (Dkt. 25 at 1.) In his renewed motion, Plaintiff states that his "appeal is not taken in bad faith, . . . is not frivolous[,] and does state a claim." (Dkt. 26 at 1.) He also argues that he should have been permitted to amend the complaint to correct the deficiencies noted by the court. (*Id.*)

While cases in this circuit "make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action *with prejudice*' . . ., that is[] where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (emphasis added) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). Here, however, the action was dismissed without prejudice. (*See* Dkt. 13.) Additionally, a more carefully drafted complaint would not overcome the facts that (1) the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb, is unconstitutional as it applies to state governments rendering Plaintiff's RFRA claims not actionable (*see* Dkt. 13 at 7); (2) Eleventh Circuit precedent precludes Plaintiff's claims against Defendants under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, regarding the prison's hair-length regulations and the Florida Department of Corrections' training provided to officers regarding those regulations (*see* Dkt. 13 at 9–10); and (3) the court's required abstention under *Younger* while Plaintiff's related challenge to the prison's hair length regulations remains pending in state court (*see id.* at 10–12).

Therefore, despite his assertions to the contrary, Plaintiff's appeal is not taken in good faith, given his failure to state a claim, the futility of amendment, and the required *Younger* abstention. *See* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed [in forma pauperis] on appeal . . . unless . . . the district court . . . certifies that the appeal is not taken in good faith . . . ."); *Newcomb v. Sec'y, Dep't of Corr.*, No. 6:17-cv-2147-Orl-41DCI, 2019 WL 11505328, at *1 (M.D. Fla. May 15, 2019) ("[A]ny appeal by [the p]etitioner would not be taken in good faith under Federal Rule of Appellate Procedure 24(a) because he has failed to make a substantial showing of the deprivation of any federal constitutional right. Thus, [the p]etitioner is not entitled to appeal as a pauper and shall pay the full appellate filing fee as required by 28 U.S.C. § 1915(a).").

Accordingly, Plaintiff's motion (Dkt. 26) is **DENIED**. Plaintiff is not entitled to appeal as a pauper, and he is assessed the full appellate filing fee.

**ORDERED** in Orlando, Florida, on April 7, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party