UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA DOUGLAS HENDERSON,

    Plaintiff,

v.                              Case No. 6:24-cv-1681-JSS-RMN

SECRETARY, DEPARTMENT OF
CORRECTIONS, CAPTAIN
BAMMERLIN, STEPHEN MENSE,
W.F. WILLETS, SERGEANT
SAINT-PREUX, M. AYALA,
CRYSTAL WILLIAMS, and TAMMI
L. GRIFFIN,

    Defendants.
_____/

**ORDER**

On December 10, 2024, the court dismissed this action without prejudice under *Younger v. Harris*, 401 U.S. 37 (1971) and due to Plaintiff's failure to state a claim, *see* 28 U.S.C. § 1915A (requiring federal courts to screen certain civil suits brought by prisoners). (Dkt. 13.) Plaintiff then moved to alter or amend the judgment and to reopen this case under Feral Rule of Civil Procedure 59(e), (Dkt. 15), which the court denied, (Dkt. 17). Plaintiff appealed those orders to the Eleventh Circuit, which remains pending. (*See* Dkts. 20, 29.) *See Henderson v. Sec'y, Dep't of Corr.*, No. 25-10432 (11th Cir. Feb. 11, 2025). His appeal notwithstanding, Plaintiff now moves for a preliminary injunction in which he requests that the court preliminarily enjoin Defendants from enforcing their rules and policies regarding personal hygiene against

him until the Eleventh Circuit rules on his appeal or the Florida Department of Corrections changes the policy at issue. (*See* Dkt. 32 at 1–3.)

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999) ("It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case."). Because Plaintiff has appealed the court's dismissal of his claims, the court lacks jurisdiction to consider his motion for preliminary injunction, which generally involves the same factual allegations contained in his complaint. *See Daker v. Owens*, No. 6:14-cv-47, 2021 WL 7541414, at *1 (S.D. Ga. Nov. 29, 2021) (determining that the court lacked jurisdiction to entertain the plaintiff's motions for preliminary injunctions "given the factual similarities between his allegations in his [complaints] and [motions for preliminary injunctions]").

Even if the court did not lack jurisdiction, Plaintiff's motion would be due to be denied. A court's issuance of injunctive relief "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the

relief would inflict on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)). Plaintiff neither cites nor satisfies this standard, however, and thus his motion must be denied. (*See* Dkt. 32.) Further, Plaintiff's motion fails to comply with the court's local rules, which require that motions for preliminary injunction include "a precise and verified explanation of the amount and form of the required security" and "a proposed order." M.D. Fla. R. 6.01(a)(4), (6); *see* M.D. Fla. R. 6.02(a) (noting that motions for preliminary injunctions "must comply with Local Rule 6.01(a)").

Accordingly, Plaintiff's motion (Dkt. 32) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 1, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party